# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

IKE SHAWNDALE NUNN,
ADC #152571                                                                    PLAINTIFF

v.                                    5:17CV00070-BSM-JTK

STATE OF ARKANSAS, et al.                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such A Hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Ike Nunn is a state inmate confined at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities (ADA) and Rehabilitation Acts (Doc. No. 5). All Defendants except Moore and Griffin were dismissed on June 12, 2017 (Doc. No. 13).

Pending before the Court is the Motion to Dismiss filed by remaining Defendants Moore and Griffin (Doc. No. 18). Plaintiff filed a Response in opposition to the Motion

(Doc. No. 21).

## II.     Motion to Dismiss

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967)), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face.  Twombly, 550 U.S. at 570.  See also Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

### A.     Constitutional Claim

#### 1.     Official Capacity

Initially, the Court agrees with Defendants that Plaintiff's damages claims against them in their official capacities should be dismissed, pursuant to sovereign immunity. Will v. Michigan Dept. Of State Police, 491 U.S. 58, 65 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 755 (8th Cir. 1997).

#### 2.     Individual Capacity/Qualified Immunity

Defendants next ask the Court to dismiss Plaintiff's claims against them in their individual capacities, based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

4

finder could answer both questions in the affirmative.   Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Plaintiff alleged in his Amended Complaint that both Defendants responded with deliberate indifference to grievances he filed asking for assistance with legal work and access to protection and advocacy for mentally ill individuals. Defendants state these allegations fail to establish a violation of Plaintiff's constitutional rights, for he does not allege facts that support a claim of deliberate indifference to his serious medical/mental health needs.   In addition, Defendants state that claims of medical indifference should be brought against individuals directly responsible of an inmate's medical care. Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997).   Finally, they state that Plaintiff's claims against them are based on their supervisory positions, and he does not allege they were personally involved in any alleged constitutional violation.

Plaintiff relies on federal statutes in support of his claims against Defendants, and asks the Court to appoint counsel (Doc. No. 21).

Having reviewed Plaintiff's Original and Amended Complaints and the exhibits attached, the Court finds Defendants are entitled to qualified immunity on Plaintiff's constitutional claims.   Defendant Moore is identified as the ADC Mental Health Supervisor, and Defendant Griffin is the Health and Correctional Programs Director (Doc. Nos, 2, 5).   Plaintiff's allegations against them concerning their failure to respond adequately to grievances concerning legal assistance and mental health advocacy are

based on their supervisory roles, and he does not allege any personal involvement to support a constitutional claim for relief.[2]   Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions.   See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).   A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation.   Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).

In addition, the law is clear that in order for an inmate to succeed on a medical deliberate indifference claim, "it must be brought against the individual directly responsible for [his] medical care." Kulow v. Nix, 28 F. 3d 855, 859 (8th Cir. 1994). Furthermore, as noted by Defendants, prison officials who are not involved with treatment decisions and do not have medical expertise cannot be held liable for the medical staff's decisions. Keeper, 130 F.3d at 1314. Therefore, the established law provides that a reasonable officer who is not a medical provider would not have known that his actions

---

[2] In addition, A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)). Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009).

were unlawful.  See Pearson, 555 U.S. at 232.  It is also clear from the grievances Plaintiff attached to his original complaint that Defendant Moore checked Plaintiff's medical records, which indicated providers saw him on a regular basis and provided medication. (Doc. No. 2, pp. 59-65) Therefore, the Court finds that Defendants acted reasonably under the circumstances.  No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right by these ADC defendants.

### B. ADA/Rehabilitation Act

As stated by Defendants, the ADA does not provide for personal liability, but rather, creates a private cause of action against the states and their entities/programs which receive federal financial assistance. See United States v. Georgia, 546 U.S. 151, 159 (2006).  Similarly, Plaintiff cannot sue Defendants in their individual capacities pursuant to the Rehabilitation Act, because the individuals are not considered programs that receive federal funding. Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001); Arlt v. Missouri Department of Corrections, 229 F.Supp. 2d 938, 943 (E.D. Mo. 2002).  To the extent Plaintiff sues Defendants in their official capacities, however, the Court finds that he fails to state a claim against them pursuant to the Rehabilitation Act., which protects individuals who are excluded from programs or benefits solely by reason of their disability.  29 U.S.C. § 794(a).  In this case, Plaintiff alleges a denial of adequate mental health care, and not a denial of mental health care

because of his mental disability. (Doc. No. 5) See O'Guinn v. Nevada Department of Corrections, No. 3:07cv00450-LRH-VP, 2010 WL 4395442 (D.Nev.), and Langford v. Ifediora, No. 5:05cv00216-BSM-JTK, 2011 WL 4369386 (E.D.AR).  Therefore, the Court fiinds that Plaintiff;s ADA and Rehabilitation Act claims against Defendants should be dismissed, for failure to state a claim upon which relief may be granted.

### III.   Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion to Dismiss (Doc. No. 18) be GRANTED.

2. Plaintiff's claims against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 14th day of July, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE